## Mitsdarfer v. Flook

*Campana & Campana*, for plaintiff.
*Greevy & Knittle*, for defendant.

WOOD, J., June 16, 1964.—Plaintiff claims compensation for damage to his automobile when it was struck by defendant's automobile which was operated by a person who took the same without permission after defendant left the ignition key in place when he parked it on a street in the City of Williamsport, Pa. Defendant has demurred to plaintiff's complaint.

The Supreme Court of Pennsylvania dealt recently with a somewhat similar situation in the case of Anderson v. Bushong Pontiac Company, Inc., 404 Pa. 382 (1961). In that case, a 14-year old boy stole the keys from an automobile on defendant's used car lot where the boy and others habitually played in and about the parked cars. Defendant knew of the theft but failed to remove the car from the lot, or use any other precaution to prevent its operation. Two days later, while the lot was unattended, another 14-year old boy, using the stolen keys, started the car and drove it off the lot. While operating the car negligently, the driver injured plaintiff, a pedestrian. It was held that the pleading stated a cause of action. The Supreme Court reviewed fully the pertinent law of torts.

The act of the third person involved in the instant case is considered to have been a superseding cause,

despite the fact that defendant, by leaving his ignition keys in his automobile, afforded an opportunity for a third person to commit a crime or tort. It is true that the incidence of automobile thefts and of damages resulting from the same has increased during recent years, but the principles stated by the Supreme Court do not support submission of plaintiff's claim to a jury.

### Order

And now, June 16, 1964, the motion of defendant is granted; plaintiff's complaint is dismissed.